UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FLOYD L. SEMONS,

    Plaintiff,

    v.                                                     Case No. 12-CV-65

DAVID A. CLARKE, JR., OFFICER R. SADAUL,
J. WILLIAM, C. SMIFF, J. WEBER,
J. GENNRIE, and J. JONSON,

    Defendants.

---

### ORDER

---

    The plaintiff, who is incarcerated at Dodge Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff has been assessed and paid an initial partial filing fee of $11.46.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes

treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

2

was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at the Milwaukee County Jail (Jail) at all times relevant. Although not entirely clear, it appears that he was assigned to the Jail's segregation unit, Pod 4D, for most of his stay at the Jail.

The plaintiff alleges that an officer sprayed him with O.C. spray in his left eye, he lost vision in the eye, and went to the hospital. The incident was not recorded. The plaintiff filed a grievance but did not receive a response. In what appears to be a separate incident, the plaintiff alleges that defendant Officer J. William sprayed him in the eye and punched him in the face, and then left him in his cell. He alleges that Officer William sprayed him for fifteen minutes, officers then put him in a hot shower and when he got out, his body was burning so bad he urinated on himself.

The plaintiff also alleges that he did not receive clean bedding while at the Jail. According to the plaintiff, Jail staff remove inmates' mattresses and bedding from their cells at 7:00 a.m., and return them at 9:00 p.m., but they do not return the same mattresses and they do not give inmates anything to clean the mattresses. When returned, the mattress is "nasty and filthy smelling like piss and feet" and the inmate workers drag the mattresses on the floor. The plaintiff's skin broke out because of the mattress. The doctor gave him "lotion shampoo" for his skin and told him to put it on every day so that he does not catch MRSA. However, Officer J. Gennrie takes away the plaintiff's out-of-cell time, sometimes after he files a grievance, and therefore he cannot go to the day room and shower with the lotion shampoo.

The plaintiff alleges that his cell vent blew cold air like an air conditioner and the temperature was as low as 45 or 50 degrees, which made him have an asthma attack. He covered his vent, but Officer J. Gennrie took away his out-of-cell hour for doing that.

Next, the plaintiff alleges that in May 2011, defendant Officer R. Sadaul put him in a restraint belt, or Ripp belt, for five days. The plaintiff alleges that he defecated on himself because he could not wipe himself with the Ripp belt on and he was not allowed to take it off. He was also not permitted to take a shower or get clean clothing. In addition, the plaintiff could not sleep in the Ripp belt and therefore did not sleep for five days.

The plaintiff alleges that on December 14, 2011, Officer Sadaul threw away his property.

The plaintiff claims that his constitutional rights were violated based on the above-described allegations. He seeks monetary damages.

Based on the court's reading of the complaint, it appears that the plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is

asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. Specifically, the court identifies the following separate claims: (1) excessive force claim against unknown defendant based on eye injury allegations; (2) excessive force claim against defendant J. William based on eye injury allegations; (3) conditions of confinement claim against unknown defendants and defendant J. Gennrie based on mattress allegations; (4) conditions of confinement claim against unknown defendants and defendant J. Gennrie based on cold cell temperature allegations; (5) conditions of confinement claim against defendant R. Sadaul based on restraint/Ripp belt allegations; and (6) due process claim against defendant R. Sadaul based on property disposal allegations. It appears that Claims 1 and 2 may be properly joined in one lawsuit, and that Claims 3-6 may be joined in a separate suit.

The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, the court will strike the original complaint submitted on January 23, 2012. The plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action. The plaintiff should carefully consider the claims which he intends to pursue in this case because in a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g). When any claim in a complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, the plaintiff will incur strikes. *See George*, 507 F.3d at 607.

The plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files

5
Case 2:12-cv-00065-NJ   Filed 03/05/12   Page 5 of 8   Document 12

an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A. Also, if the plaintiff files an amended complaint, he must use the enclosed civil rights complaint form. *See* Civil L.R. 9(b) (E.D. Wis.).

Further, the plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Finally, the plaintiff has filed a motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Also, he filed a recent letter with the court stating that if the

court does not get him an attorney, he will pay for one. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 4) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the complaint submitted on January 23, 2012, be and the same is hereby stricken.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **March 30, 2012**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **March 30, 2012,** that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $338.54 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin this 5th day of March, 2012.

BY THE COURT:

s/ *NANCY JOSEPH*
NANCY JOSEPH
United States Magistrate Judge