# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS,**

    **Plaintiff,**

    **v.**                                                                                          **Case No. 12-CV-65**

**ROBERT SADOWSKI and CALVIN SMITH,**

    **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

The plaintiff, Floyd L. Semons ("Semons"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. He is proceeding on Eighth Amendment excessive force and conditions of confinement claims based on allegations that he was restrained in his cell for five days causing injury. The defendants have filed a motion for summary judgment and Semons has submitted three filings titled motion for summary judgment. These motions will be addressed herein.

The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73 (E.D. Wis.). For the reasons stated below, the Court finds the defendants' and Semons' motions for summary judgment should be denied.

## SUMMARY JUDGMENT STANDARD

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect

the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## PRELIMINARY MATTERS

Under the Local Rules, when a party is proceeding *pro se* in civil litigation and the opposing party files a motion for summary judgment, the moving party must provide the *pro se* litigant with "a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." Civil L.R. 56(a)(1)(A) (E.D. Wis.). In addition to the statement, the moving party must also include the text to Fed. R. Civ. P. 56(c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 along with their motion. Civil L.R. 56(a)(1)(B) (E.D. Wis.).

- 2 -

Case 2:12-cv-00065-NJ   Filed 04/17/13   Page 2 of 11   Document 61

In this case, the defendants provided the statement contemplated by Civil L.R. 56(a)(1)(A). However, they provided old versions of the Local Rules and the Federal Rules of Civil Procedure. Specifically, the defendants provided old Civil L.R. 56.1, which was replaced by current Civil L.R. 56 pursuant to 2010 amendments to the Local Rules, and which did not require parties seeking summary judgment against a *pro se* litigant to include Civil L.R. 56(b) (formerly Civil L.R. 56.2) in the motion. Thus, Semons did not receive Civil L.R. 56(b), which sets additional summary judgment procedures, including requirements for the opposing party's materials in opposition to summary judgment. *See* Appendix, Civil L.R. 56(b) (E.D. Wis.).

The defendants also failed to provide Semons with Federal Rule of Civil Procedure 56(c), (d), and (e), as required by current Civil L.R. 56. Instead, as directed by old Civil L.R. 56.1, they provided him with old versions of Fed. R. Civ. P. 56(e) and (f). *See* Appendix, Fed. R. Civ. P. 56(c), (d), (e).

Semons filed several documents in response to the defendants' motion for summary judgment (Docket ## 46, 47, 48) and, as indicated, filed three of his own "motions" for summary judgment (Docket ## 49, 52, 54). However, none of Semons' filings are sworn. *See* Fed. R. Civ. P. 56(c)(4). Thus, the defendants' Proposed Findings of Fact are undisputed for the purposes of their summary judgment motion.

**UNDISPUTED FACTS**

Semons was incarcerated at the Racine Youthful Offender Correctional Facility when he filed this action. (Defendants' Proposed Finding of Fact ["DPFOF"] ¶ 1.) He is currently incarcerated at Green Bay Correctional Institution. Defendant Robert Sadowski ("Sadowski") is employed as a jail

- 3 -

officer with Milwaukee County. (DPFOF ¶ 2.) Defendant Calvin Smith ("Smith") is employed as a jail officer with the Milwaukee County Sheriff's Department. (DPFOF ¶ 3.)

Semons filed the amended complaint on March 27, 2012, alleging that in May or June of 2010, Sadowski and Smith placed him in ripp belt restraints for five days in violation of his rights under the Eighth Amendment. (DPFOF ¶ 4.) Semons alleges that Smith physically restrained him and placed him in the ripp belt and that Sadowski ordered him to be restrained for five days. (DPFOF ¶¶ 6-7.) Semons further alleges that the period of restraint traumatized him, caused pain, and caused scarring to his wrist. (DPFOF ¶ 8.)

Semons was not incarcerated at the Milwaukee County Correctional Facility - Central ("CCF-Central") or the Milwaukee County Correctional Facility - South ("CCF-South") in May or June of 2010. (DPFOF ¶ 10.) Deputy Inspector Kevin Nyklewicz and counsel for the defendants have reviewed all incident reports pertaining to Semons' periods of incarceration of CCF-Central and CCF-South and are unable to identify an incident report that matches Semons' allegations along with the defendants as alleged by Semons in this action. (DPFOF ¶¶ 11, 13.) Semons has neither amended his complaint nor requested of the defendants any discoverable information that could better clarify his cause of action. (DPFOF ¶ 12.)

## DISCUSSION

The defendants concede that Semons has an Eighth Amendment right that protects him from being the victim of excessive force and conditions of confinement claims. However, they contend that they are entitled to summary judgment because Semons was not in custody during the period of time he alleges his rights were violated. The defendants assert that Semons could have participated in the discovery process, reviewed documentation, and refreshed his recollection as to the specifics of the incident, the parties involved, and the date of the incident but he did not do so. Counsel for

defendants contends that he has attempted to identify the alleged incident involving the same alleged co-actors during actual periods of incarceration with Milwaukee County but has not been able to identify the incident. The defendants contend that viewing this case in a light most favorable to Semons, it is impossible for the incident to have occurred as he alleged.

Semons acknowledges that he made a mistake as to the date of the incident. He asserts that the correct dates are May 30, 2011 through June 6, 2011 – and not May or June of 2010, as alleged in the amended complaint. Semons further asserts that there was a second incident on November 19, 2011, where Smith placed him in his cell for two days with a restraint belt and handcuffs that were too tight. According to Semons, he has permanent scars as a result of this other incident. (Docket # 47.)

Semons also states he has proof of the two-day incident, and he wants to add another defendant and amend his claim for relief. He attaches copies of an incident report related to a November 19, 2011 incident where he was disciplined for spitting. (Docket # 46.)

In his first motion for summary judgment, Semons attaches what appears to be Jail incident reports describing a May 30, 2011 incident where he was disciplined for disabling the fire sprinkler suppression system in his cell and indicating that he was to remain on a fifteen-minute restraint watch following the incident. (Docket # 49.) In his second motion for summary judgment, Semons asserts that he was wrong for pulling the sprinkler head, but that they were wrong for putting him in restraints in his cell for five days straight. According to Semons, they "know an inmate can't sleep, eat, shit with restraints on. This is wrong." (Docket # 52 at 5.) Semons further states that he has proof of being in restraints for two days. Semons' third motion for summary judgment consists mainly of several pages of legal rules. (Docket # 54.)

The defendants did not file a reply.

In sum, the defendants submitted evidence that the incident upon which Semons' claim is based did not take place in May or June of 2010, as alleged in the amended complaint. Semons' responses acknowledge the error and provide clarification as to the date, although he submitted no admissible evidence in support of his claim. Rather, Semons states several times that he has proof of his claim.

As described in detail above, the defendants failed to provide Semons with current versions of Federal Rule of Civil Procedure 56(c), (d), and (e), and Civil L.R. 56(b), as required by the Local Rules. *See also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (*pro se* prisoner plaintiff entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment; the text of Fed. R. Civ. P. 56(e) should be part of the notice, in addition to the statement in ordinary English that is required). While the defendants' failure, by itself, is sufficient justification to deny the defendants' summary judgment motion, *see Lewis*, 689 F.2d at 102; Gen. L.R. 1 (E.D. Wis.), here their oversight may have prejudiced Semons because he may not have been aware of the requirements of his summary judgment response. This case should be decided on the merits, not based on Semons' acknowledged mistake as to the date of the incident. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (court declined to dismiss inmate plaintiff's complaint for failure to comply with scheduling order and reaffirmed that "the interests of justice are best served by resolving cases on their merits").

Under the circumstances, Semons should be provided additional time to conduct discovery and file an amended complaint, if necessary, after which the parties may file another round of dispositive motions. The Court is satisfied that Semons has diligently tried to litigate this case but his

apparent confusion over federal court litigation procedures demonstrates that a *pro bono* attorney will result in a more just and speedy determination of the action.

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment (Docket # 39) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket # 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket # 52) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #54) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will request an attorney to represent the plaintiff *pro bono*. After the attorney appears, the Court will hold a scheduling conference.

Dated at Milwaukee, Wisconsin this 17th day of April, 2013.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

# APPENDIX

Civil Local Rule 56(b):

**(b) Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

 **(1) Moving Party's Principal Materials in Support of Motion.** With each motion for summary judgment, the moving party must file:

  **(A)** a memorandum of law;

  **(B)** a statement setting forth any material facts to which all parties have stipulated;

  **(C)** a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

   (i) the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

   (ii) a moving party may not file more than 150 separately numbered statements of fact;

   (iii) failure to submit such a statement constitutes grounds for denial of the motion; and

  **(D)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

 **(2) Opposing Party's Materials in Opposition.** Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

  (A) a memorandum of law;

  (B) a concise response to the moving party's statement of facts that must contain:

(i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts; and

**(C)** any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

**(3) Moving Party's Materials in Reply.** A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

**(A)** a reply memorandum;

**(B)** a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

**(C)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e) submitted in reply.

**(4) Effect of Uncontroverted Statements of Fact.** The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

**(5) Stipulated Facts.** Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

**(6) Citations to Facts in Memoranda.** Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

**(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact.** A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this

- 9 -

rule unless the Court previously has granted leave upon a showing that an increase is warranted.

> **(8) Length of Memoranda.**
>
> > **(A)** A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).
> >
> > **(B)** No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.
>
> **(9) Collateral Motions.** Collateral motions, such as motions to strike, are disfavored.

Federal Rule of Civil Procedure 56(c), (d), (e):

(**c) Procedures.**
> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> **(1)** give an opportunity to properly support or address the fact;
> **(2)** consider the fact undisputed for purposes of the motion;
> **(3)** grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it; or
> **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56(c), (d), (e).